Gregory P. Barwell (0070545)
Jessica A. Barwell (0088716)
**Wesp Barwell Berardino, LLC**
475 Metro Place South, Suite 350
Dublin, Ohio 43017
Ph/Fax: (614) 456-0488
Email: gbarwell@wesplaw.com
Email: jbarwell@wesplaw.com

Brandon A. Keim (028831)
Trisha S. Farrow (032618)
**Frazer Ryan Goldberg & Arnold LLP**
1850 North Central Avenue, Suite 1800
Phoenix, AZ 85004
Telephone: (602) 200-7399 (Keim)
          (602) 200-7347 (Farrow)
Facsimile: (602) 792-7234
Email:    bkeim@frgalaw.com
         tfarrow@frgalaw.com

*(Pro Hac Vice Forthcoming)*

*Attorneys for Plaintiff Jeffrey J. Morella*

# UNITED STATED DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Jeffrey J. Morella,<br><br>                Plaintiff,<br><br>v.<br><br>United States of America,<br><br>                Defendant. | **COMPLAINT<br>WITH JURY DEMAND** |

      Plaintiff Jeffrey J. Morella brings this suit for refund of his partial payment of I.R.C. § 6700 penalties that the Internal Revenue Service ("IRS") assessed against him for tax years 2014, 2015, 2016, 2017, and 2018.

## INTRODUCTION

1. Morella files this civil action for a refund under I.R.C. § 7422 of amounts paid to the IRS totaling $139,540.35, as follows:

| Tax Year | Amount |
| --- | --- |
| 2014 | $6,102.60 |
| 2015 | $35,387.70 |
| 2016 | $54,180.45 |
| 2017 | $36,050.55 |
| 2018 | $7,819.05 |

## THE PARTIES, JURISDICTION, AND VENUE

2. Morella is a natural person and resident of North Benton, Ohio.

3. Defendant is the United States of America named pursuant to I.R.C. § 7422(f)(1).

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1346(a)(1) because this is a civil action against the United States for the recovery of an internal revenue tax that was erroneously collected, and because, pursuant to I.R.C. §§ 7422 and 6703(c), Morella previously paid 15 percent of the amount of the I.R.C. § 6700 penalty on June 24, 2024, filed a claim for refund with the IRS consistent with the law and regulations relating to the same on June 24, 2024, the IRS has not responded to the request, and this suit is brought within 30 days after the expiration of 6 months after the day on which Morella filed his claims for refund.

5. Venue is proper in this Court under 28 U.S.C. § 1402(a)(1) because Morella resides in the Northern District of Ohio.

## BACKGROUND

6. I.R.C. § 6700 imposes a penalty on "any person who (1) organizes any partnership or other entity, any investment plan or arrangement or any other plan or

arrangement and (2) makes or furnishes or causes another person to make or furnish (in connection with such organization or sale) — (A) a statement with respect to the allowability of any deduction or credit, the excludability of any income, or the securing of any other tax benefit by reason of holding an interest in the entity or participating in the plan or arrangement (B) which the person knows or has reason to know is false or fraudulent as to any material matter." I.R.C. § 6700(a).

7. The government bears the burden of proof in any proceeding involving the issue of whether or not a person is liable for a penalty under I.R.C. § 6700. I.R.C. § 6703(a).

8. To establish that there has been a violation of IRC section 6700(a)(2)(A), the government must prove that a person (1) organized any partnership or other entity, any investment plan or arrangement or any other plan or arrangement, (2) made or furnished a statement with respect to tax benefits of the arrangement, (3) which he or she knew or had reason to know, (4) was false or fraudulent, and (5) which statement was to a material matter. I.R.C. § 6700(a).

9. The IRS issued five CP15 notices to Morella on May 27, 2024. The notices asserted that Morella had been charged a penalty under I.R.C. § 6700 for "promoting an abusive tax shelter." The notices provided the following penalty assessments:

| Tax Year | Amount |
| --- | --- |
| 2014 | $40,684.00 |
| 2015 | $235,918.00 |
| 2016 | $361,203.00 |
| 2017 | $240,337.00 |
| 2018 | $52,127.00 |

10. The IRS's CP15 notices do not allege how Morella (1) organized any partnership or other entity, any investment plan or arrangement or any other plan or arrangement, (2) made or furnished a statement with respect to tax benefits of the

3

arrangement, (3) which he knew or had reason to know, (4) was false or fraudulent, and (5) which statement was to a material matter.

11. A Form 886-A previously issued to Morella indicates that his activities relating to captive insurance companies gave rise to the I.R.C. § 6700 penalties.

12. Defendant cannot satisfy its burden of proof that Morella is liable for a penalty under I.R.C. § 6700 for tax years 2014 through 2018.

13. Morella is not liable for a penalty under I.R.C. § 6700 for tax years 2014 through 2018.

14. Even if Morella were liable for a penalty under I.R.C. § 6700 for tax years 2014 through 2018, he disputes that the penalties assessed were properly calculated.

15. I.R.C. § 6703(c) provides that, if, within 30 days after the day on which notice and demand of any penalty under I.R.C. § 6700 is made against any person, such person pays an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid, then the person may file suit within 30 days following denial of the claim, or, if earlier, within 30 days after the expiration of 6 months after the day on which he filed the claim for refund.

16. I.R.C. § 7422 provides that a refund suit for the recovery of penalties can be commenced in district court after a claim for refund has been filed with the Secretary.

17. Morella paid 15 percent of the assessed penalties on June 24, 2024, which is within 30 days of receiving the CP15 notices, as follows:

| Tax Year | Amount |
| --- | --- |
| 2014 | $6,102.60 |
| 2015 | $35,387.70 |
| 2016 | $54,180.45 |
| 2017 | $36,050.55 |
| 2018 | $7,819.05 |

4

18. Morella filed claims for refund with the IRS for tax years 2014 through 2018 in the amounts listed above using Forms 6118 on June 24, 2024.

19. As of the date of this Complaint, the IRS has not responded to Morella's claims for refund.

20. Morella brings this suit within 30 days after the expiration of 6 months after the day on which he filed the claims for refund.

## COUNT ONE

### Refund Claim

21. Morella incorporates by reference all prior allegations as though fully set forth herein.

22. For the reasons described in this Complaint, Morella owes no penalty under I.R.C. § 6700 for any of tax years 2014 through 2018. Accordingly, he is entitled to a refund in the amount of $139,540.35 in penalties that he paid under I.R.C. § 6703.

23. Morella is entitled to judgment in his favor against Defendant in the amount of $139,540.35, together with interest and costs.

## JURY DEMAND

24. Morella, pursuant to Rule 38 of the Federal Rules of Civil Procedure, demands trial by jury in this action of all issues so triable.

## RELIEF SOUGHT

WHEREFORE, Morella request that this Court order the United States to:

1. Issue refunds to Morella totaling $139,540.35 of the amounts that he paid under I.R.C. § 6703, plus interest and costs allowed by law (Count One);

2. Pay reasonable litigation costs incurred in this proceeding under 26 U.S.C. § 7430; and

3. Other such relief as is just.

RESPECTFULLY SUBMITTED this 21st day of January, 2025.

*/s/ Jessica A. Barwell*
Jessica A. Barwell (0088716)
Gregory P. Barwell (0070545)
Wesp Barwell Berardino, LLC
475 Metro Place South, Suite 350
Dublin, Ohio 43017
Ph/Fax: (614) 456-0488
Email: jbarwell@wesplaw.com
Email: gbarwell@wesplaw.com

*/s/ Brandon A. Keim*
Brandon A. Keim (028831)
Trisha S. Farrow (032618)
**Frazer Ryan Goldberg & Arnold LLP**
1850 North Central Avenue, Suite 1800
Phoenix, AZ 85004
Telephone: (602) 200-7399 (Keim)
               (602) 200-7347 (Farrow)
Facsimile: (602) 792-7234
Email:    bkeim@frgalaw.com
             tfarrow@frgalaw.com

*(Pro Hac Vice Forthcoming)*

*Attorneys for Plaintiff Jeffrey J. Morella*
